IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BRIAN SMITH,

    Plaintiff,

v.                                                      C.A. No.: 1:17-cv-19

THE BRANT CONTINUUM, INC.,
NATIONWIDE SERVICE GROUP, LLC,
KENNETH JENNINGS, and,
BENJAMIN HAUCK,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN SMITH (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, hereby sues Defendants, THE BRANT CONTINUUM, INC., NATIONWIDE SERVICE GROUP, LLC, KENNETH JENNINGS, and BENJAMIN HAUCK (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

1

## JURISDICTION

2. This Court enjoys federal question jurisdiction under 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants have offices located in Travis County, Texas.

## THE PARTIES

4. Plaintiff, BRIAN SMITH, is an individual residing in Round Rock, Texas.

5. Plaintiff, BRIAN SMITH, was at all times material employed by Defendants from March 31, 2014, through May 10, 2016, as a Service Technician at the rate of $16.00 per hour. Some of Plaintiff's principle duties were to provide service and maintenance to apartment properties owned by the Defendants.

6. Defendant, THE BRANT CONTINUUM, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

7. Defendant, THE BRANT CONTINUUM, INC., operates a company that primarily provides apartment and residential rental homes throughout Texas and is an employer as defined by 29 U.S.C. § 203(d).

8. At all times material to this complaint, Defendant, THE BRANT CONTINUUM, INC., and NATIONWIDE SERVICE GROUP, LLC, employed two or more employees.

9. At all times material to this complaint, Defendant, THE BRANT CONTINUUM, INC., and NATIONWIDE SERVICE GROUP, LLC, had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, THE BRANT CONTINUUM, INC., and NATIONWIDE SERVICE GROUP, LLC, were jointly and severally an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. Additionally, Plaintiff individually engaged in commerce through the use of goods and products that have moved in interstate commerce and through his use of the channels of interstate commerce, e.g., cellular telephones and other digital devices.

12. Defendant, BENJAMIN HAUCK, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, THE BRANT CONTINUUM, INC., in relationship to Plaintiff and others similarly situated employees.

13. Defendant, BENJAMIN HAUCK, hired and/or fired the Plaintiff and other similarly situated employees. Defendant, BENJAMIN HAUCK, also supervised and controlled Plaintiff's work schedule as well as the schedule and rate and method of payment for Plaintiff.

14. Defendant, BENJAMIN HAUCK, was an employer of the Plaintiff as defined by the Fair Labor Standards Act.

15. At all times material to this Complaint, the Defendants were the employer of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

16. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

17. Throughout his employment with the Defendants, Plaintiff worked in excess of forty hours per workweek, yet was not adequately compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

18. Defendant willfully deprived Plaintiff of the overtime wages he was due under the FLSA.

19. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

20. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

21. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

22. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

23. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

24. Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action and has agreed to pay said firm a reasonable attorney's fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has

appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BRIAN SMITH, demands Judgment, jointly and severally, against Defendants, THE BRANT CONTINUUM, INC., and BENJAMIN HAUCK, for the following:

- a. Unpaid overtime wages found to be due and owing;

- b. An additional amount equal to the amount of unpaid overtime wages found to be due and owing as liquidated damages;

- c. Prejudgment interest in the event liquidated damages are not awarded;

- d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

- e. Any such other relief as the Court may find proper, whether at law or in equity.

## **JURY TRIAL DEMAND**

Plaintiff, BRIAN SMITH, demands a jury trial on all issues so triable.

Respectfully submitted, January 11, 2017.

       **ROSS LAW GROUP**
       1104 San Antonio Street
       Austin, Texas 78701
       (512) 474-7677 Telephone
       (512) 474-5306 Facsimile
       Charles@rosslawpc.com

       */s/ Charles L. Scalise*
       _____
       **CHARLES L. SCALISE**
       Texas Bar No. 24064621
       **DANIEL B. ROSS**
       Texas Bar No. 789810
       **ATTORNEYS FOR PLAINTIFF**